IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| GORDON EVERETTE BOOZE IV, )<br>  )<br>  Plaintiff, )<br>  )<br>v. )<br>  )<br>SARGEANT TANISHA LEWTER, *et al.*, )<br>  )<br>  Defendants. )<br>  ) | Civil Action No.: 23-cv-2246-LKG<br><br>Dated: January 6, 2025 |

## **MEMORANDUM**

Self-represented Plaintiff Gordon Everette Booze IV, who is currently incarcerated at Roxbury Correctional Institution ("RCI") in Hagerstown, Maryland, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Sergeant Tanisha Lewter and CO Lakeesha Sanders-Ware, regarding events that took place at the Metropolitan Transition Center. ECF No. 1. Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint, which is the operative pleading. ECF Nos. 8, 23. Booze opposes the Motion. ECF No. 33. Upon review of the Motion and applicable law, the Court deems a hearing unnecessary. *See* Local Rule 105.6. (D. Md. 2023). For reasons that follow, Defendants' Motion will be denied.

### Background

Booze alleges that on October 8, 2022, he was called to the dorm door of H housing to speak with Sergeant Lewter about not being able to work that day. ECF No. 8 at 4. While speaking with Sgt. Lewter, inmate Saiquan Branch began complaining about the telephones not being turned back on after the dorm was cleaned. *Id.* Sergeant Lewter "disregarded" what Branch was saying and Branch became "more hostile, now cursing and making verbal threats toward" Booze. *Id.* Lewter "clearly heard everything" that Branch was saying through the cracks in the door and walked away putting Booze in danger. *Id.* at 5.

While these events were taking place, Defendant Sanders-Ware was inside the control booth and witnessed what was taking place, yet also took no action. *Id.* Inmate Branch went upstairs, retrieved a knife, returned with the knife in his open hand and in front of the control

booth, started striking Booze with the knife. *Id.* Booze was stabbed above his left eye, and multiple times in the side of his head, and back. *Id.* He seeks monetary damages for his injuries. *Id.*

## Standard of Review

Defendants move to dismiss raising the affirmative defenses of Eleventh Amendment and qualified immunity pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 23. This Court is mindful of its obligation to liberally construe the pleadings of self-represented litigants, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a Complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *E.E.O.C. v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

Although pro se pleadings are construed generously to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.") (internal citation omitted)). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

## Discussion

Defendants assert that to the extent Booze brings his claims against them in their official capacities, they are entitled to Eleventh Amendment immunity and the Court should dismiss these claims. ECF No. 23-2 at 3-6. Under the Eleventh Amendment, states as well as their agencies and departments are immune from suits in federal court brought by their citizens or the

citizens of another state. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). While states can consent to such suits, and while the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-202(a), the State has not waived its immunity under the Eleventh Amendment to suit in federal court. Claims against state officials in their official capacities are claims against the State itself. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). When defendants are sued in their individual capacities, however, they are not immune to suit under the Eleventh Amendment. *Hafer v. Melo*, 502 U.S. 21, 22 (1991).

To determine whether a defendant has been sued in his individual or official capacity, the Court must look to the substance of the pleadings. *Biggs v. Meadows*, 66 F.3d 56, 58 (4th Cir. 1995). In particular, the Court examines the relief requested, whether plaintiff has alleged the defendants acted pursuant to official customs or policies, and the nature of the defenses. *Id.* at 61.

Here the pleadings clearly indicate that Booze proceeds against Defendants for acts taken only in their individual capacity. He expressly states that each Defendant observed that he was being threatened by inmate Branch, and each failed to act to protect him from harm. ECF No. 8 at 4-5. Further, Booze is solely seeking monetary damages and not injunctive relief. Booze's claims may proceed against Defendants in their individual capacity.

Next, Defendants argue that they are entitled to qualified immunity on Booze's claims because he fails to allege that there is a violation of a constitutional right. ECF No. 23-2 at 6-8. "To overcome qualified immunity, a plaintiff must typically show (1) that the government official violated a statutory or constitutional right and (2) that right was clearly established at the time of the challenged conduct." *King v. Riley*, 76 F.4th 259, 265 (4th Cir. 2023) citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). Defendants argue that Booze "does not offer any evidence in the amended complaint that suggests that he or anyone witnessed Sgt. Lewter listening at the door or was even near the door at the time of the incident." *Id.* at 7. Defendants also assert that Booze "offers no evidence that he or anyone witnessed her [Sanders-Ware] being in the control booth on the date of the incident." *Id.* at 7-8.

Defendants' argument is unavailing. Booze is not required to provide "evidence" at this stage of the proceedings, and has done more than provide "conclusory" allegations. Booze has provided sufficient factual allegations, that the Court finds plausible, to support his claims that

Defendants failed to protect him from harm at the hands of inmate Branch. Further, the Court finds unresolved questions of fact that pertain to whether Defendants were in range to hear the alleged threats made by inmate Branch against Booze, and to have ample time to take action to prevent the assault. At this juncture, such factual disputes preclude the application of qualified immunity. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 (1986). The Court will therefore deny the Motion on the issue of qualified immunity, as prematurely raised.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss will be denied. Defendants will be directed to file an Answer to the Second Amended Complaint.

January 8, 2025
Date

LYDIA KAY GRIGGSBY
United States District Judge